IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff | : <br> : <br> : |
| v. | :     CASE NO.  3:04-CV-101(CDL) |
| $14,500.00 IN UNITED STATES<br>CURRENCY, MORE OR LESS,<br>        Defendant | : <br> : <br> : <br> : |
| MICAL JAMAL BAREFIELD<br>        Claimant | : <br> : <br> : <br> : |

**FINAL ORDER OF FORFEITURE**

The parties having filed a joint motion seeking a final order of forfeiture, it appearing that process was fully issued in this action and returned according to law, the Court makes the following findings of fact and conclusions of law:

1. On December 29, 2004, plaintiff United States of America filed a Verified Complaint for Forfeiture against the defendant currency. The Complaint alleges that the defendant currency constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., punishable by more than one year's imprisonment, or constitutes proceeds traceable to such an exchange, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

2. The United States Marshals Service for this District posted notice of the action on the defendant property on November 16, 2004, as will appear by reference to the Notice of Service (Form USM-285) form on file herein.

3. On November 4, 2004, a copy of the Notice of Forfeiture, Summons and Verified Complaint For Forfeiture, Warrant of Arrest In Rem, Motion for Service By Publication, and Proposed Order for Service by Publication was sent by certified mail, return receipt requested to Kenneth Dious, Esq., Kenneth Dious & Associates, 115 Sycamore Drive, Suite B1, Athens, Georgia 30606, counsel for Claimant.

4. The United States published notice of this action in <u>The Herald Journal</u> on December 9, December 16 and December 23, 2004, as will appear by reference to the Affidavit of Publication.

5. Pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims and a Notice of Forfeiture issued for the defendant property, all claimants were required to file their claims with the Clerk of the Court within thirty days of the execution of the notice and either publication of notice or provision of direct notice of this action, whichever occurred first.

6. On or about December 3, 2004, Claimant, through counsel, filed a timely Claim and Statement of Interest, alleging his interest in the defendant property.

7. On or about December 21, 2004, Claimant, through counsel, filed a timely Answer to Complaint in this action.

8. On or about February 8, 2005, the court entered a Scheduling and Discovery Order and subsequently the parties have engaged in discovery.

9. On or about June 9, 2005, Claimant, through counsel, Kenneth Dious, Esq., notified Assistant United States Attorney Donald L. Johstono's legal assistant, Ms. Martha Wellborn, that his client no longer wished to pursue his claim against the defendant currency and that he intended to file a "motion to dismiss" in this action.

10. No other claims or answers have been filed with regard to the defendant currency and the time for filing claims and answers has now expired.

11. On or about July 13, 2005, counsel for claimant filed a document entitled "Voluntary Dismissal" in this action. After speaking with Deputy Clerk Elizabeth Long, Assistant United States Attorney Donald L. Johstono contacted Mr. Dious and advised that the appropriate vehicle for withdrawing his client's claim against the defendant currency would be either to (1) file a motion to withdraw claim and answer; and, or (2) enter into a Joint Motion for Final Order of Forfeiture. The parties have stipulated to the entry of this Consent Order for voluntary forfeiture of the defendant currency.

12. Plaintiff had probable cause to commence this action against the defendant currency, and to seize the defendant currency.

THEREFORE, IT IS HEREBY ORDERED,

All right, title, and interest of Claimant Mical Jamal Barefield in the defendant currency is hereby forfeited to the United States.

All other right, title, and interest in the defendant currency is hereby forfeited to and vested in the United States, which shall have clear title to this property and may warrant good title to any subsequent transferee.

The United States Attorney General or his authorized designee shall dispose of this property in accordance with the law, see 21 U.S.C. § 881(e).

IT IS SO ORDERED, this 26th day of July, 2005.

                                            S/Clay D. Land
                                             CLAY D. LAND
                               UNITED STATES DISTRICT JUDGE

Prepared by:

Donald L. Johstono
Assistant United States Attorney